FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
MAR 20 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 8:15CR343 |
| GREGORY BAHATI, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney, John Han, DOJ Trial Attorney, and Matthew R. Molsen, Assistant United States Attorney, and defendant, Gregory Bahati, and Adam Sipple, counsel for defendant, as follows:

## I

## THE PLEA

A.  Defendant agrees to plead guilty to Count I, VIII, and IX of the Superseding Indictment. Count I charges a violation of Title 18, United States Code, Section 1962. Count VIII charges a violation of Title 18, United States Code, Section 1959. Count IX charges a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for **ANY** crimes as disclosed by the discovery material delivered to the Defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. To be clear, this agreement includes the United States not bringing any further drug distribution related offenses, any firearm related offenses, or any further racketeering related offenses against the defendant based on the discovery material delivered to the Defendant's attorney as of the date that this agreement is signed by all parties.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that Count I has the following elements:

1. The existence of an enterprise, or that an enterprise would exist;
2. The enterprise was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce;
3. The Defendant was employed by or associated with the enterprise;
4. Two or more persons agreed to conduct or to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity;
5. The Defendant was party to or member of this agreement or conspiracy; and
6. The Defendant agreed with at least one other co-conspirator that at least two racketeering acts of the type or types of racketeering activity listed in the indictment, would be committed by a member or members of the conspiracy, which may include the defendant, in the conduct of the affairs of the enterprise.

Defendant understands that Count VIII has the following elements:

1. The existence of an "enterprise" as defined in 18 U.S.C. § 1959(b)(2);
2. The charged enterprise engaged in, or its activities affected, interstate or foreign commerce;
3. The charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);
4. The defendant committed one of the following crimes—or conspired or attempted to commit one of these crimes—which crime violated state or federal law: murder, kidnaping, maiming, assault with a dangerous weapon, assault resulting in serious bodily injury, threatening to commit a crime of violence; and
5. The crime of violence was committed for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

Defendant understands that Count IX has the following elements:

1. The defendant committed the elements of a crime of violence prosecutable in federal court;
2. The defendant knowingly used, or carried a firearm;
3. The firearm was brandished; and
4. The use or carrying of the firearm was during and in relation to the defendant's crime of violence.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Between on, or about January 2008, and January 2016, the Defendant was either a member or an associate of the 40th and 44th Avenue Crips, and associated with the alleged enterprise. The Defendant formed an agreement or understanding with the other members and associates of the criminal enterprise that at least one member would engage in a pattern of racketeering activity. The objectives of the enterprise included engaging in sales of illegal drugs, including cocaine base, preserving and protecting the prestige of the enterprise through the use of threats, intimidation, and violence, and also keeping victims in fear of the enterprise and in fear of its members and associates through threats and acts of violence.

2. As part of the conspiracy, on January 13, 2013, the Defendant threatened and assaulted the person identified in the Superseding Indictment as Victim #3, after Victim #3 made statements disrespecting the 40th and 44th Avenue Crips.

3. As part of the conspiracy, on January 23, 2015, the Defendant possessed 5.48 grams of cocaine base, and had the intent to distribute at least part of that cocaine base. Police executed a search warrant of a residence in Omaha, Nebraska. The Defendant was contacted by police when he attempted to exit the rear of the home. The cocaine base was located in the pocket of the Defendant's sweatshirt. Other members and associates of the 40th and 44th Avenue Crips were located at the residence.

4. On April 23, 2015, the Defendant threatened Victim #5. That threat was made, in part, to maintain or increase the Defendant's position in the enterprise. In the course of making that threat, the defendant brandished a firearm, and pointed the firearm at Victim #5.

5. Cocaine is not manufactured within the District of Nebraska, and would have traveled in interstate or foreign commerce before it was possessed by the Defendant.

## III
## PENALTIES

Defendant understands that Count I carries the following penalties:

1. A maximum 20 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

Defendant understands that Count VIII carries the following penalties:

1. A maximum 5 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

Defendant understands that Count IX carries the following penalties:

1. A mandatory minimum of 7 years, and a maximum of life in prison, which must be served consecutively to any other sentence imposed;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS.

Pursuant to Rule 11(c)(1)(C), the parties agree to the following Sentencing Guideline calculations:

1. For Count I, according to USSG § 2E1.1(a)(1), the base offense level is 19.

2. For Count VIII, pursuant to § 2A6.1(a)(1), the base offense level is 12. The threat involved conduct evidencing an intent to carry out the threat, and so a 6 level increase applies pursuant to § 2A6.1(b)(1). The offense level for Count VIII is 18.

3. For Count IX, according to § 2K2.4(b), the Guidelines call for a consecutive 7-year sentence.

4. According to § 3D1.1 et seq., a 2 level upward adjustment applies to Counts I and VIII. The adjusted offense level for Counts I and VIII, prior to any reduction for acceptance of responsibility, is 21.

5. The parties do not have an agreement as to whether a reduction for acceptance of responsibility, pursuant to § 3E1.1, applies. Whether that reduction will apply will be determined at the Defendant's sentencing hearing. Furthermore, in the event that the Defendant were to engage in conducting warranting an enhancement for obstruction of justice under § 3C1.1, the United States will seek to have that enhancement applied.

B.   ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is

entered, or

2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial

Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F. RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced within the advisory guideline range as calculated by the United States pursuant to this agreement.

G. STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy

Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

    C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

    D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

    E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

    F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

3/7/17
Date

*[signature]*
MATTHEW R. MOLSEN
ASSISTANT U.S. ATTORNEY

Date

JOHN HAN
DOJ TRIAL ATTORNEY

3-6-17
Date

*[signature]*
GREGORY BAHATI
DEFENDANT

3-6-17
Date

*[signature]*
ADAM SIPPLE
COUNSEL FOR DEFENDANT